# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>vs.<br><br>FRANCISCO JAVIER RUIZ-CASAS,<br><br>                                  Defendant. | CASE NO. 19cr5141-LAB<br><br>**ORDER DENYING RENEWED MOTION FOR BAIL REVIEW [Dkt. 33]** |

       Currently before the Court is Defendant Francisco Javier Ruiz-Casas's Renewed Motion for Bail Review. Dkt. 33.[1] For the reasons below, that Motion is **DENIED.**

       Defendant is a Mexican national charged with illegal reentry in violation of 8 U.S.C. § 1326. At Defendant's initial appearance on November 26, 2019, Magistrate Judge Bernard Skomal ordered him detained, finding that he posed a "serious flight risk." Dkt. 10. Among the reasons supporting that finding were that Defendant "faces deportation again, [has] been deported twice[, has a] significant criminal history in this country, [and] two felony convictions [are] listed on the complaint, one for which he served almost nine years in prison

---

[1] Although district courts cannot defer ruling on bail-review motions as a result of the coronavirus pandemic, the Ninth Circuit is clear that courts need not hold hearings on such motions. *See* Order, *USA v. Martinez-Thomas*, 20-50095 (9th Cir. Apr. 30, 2020). The Court finds this matter suitable for disposition on the papers.

for a drug conspiracy" and another for which he served "13 months and a day." Dkt. 36, at 5:19-25. The Magistrate acknowledged that Defendant has family in Los Angeles—a factor that would ordinarily cut in favor of setting release conditions—but that this family appeared unwilling or unable to post a property bond, "the only kind of bond [the Magistrate] would consider in this case." *Id.* at 4:22-23. On this record, the Magistrate concluded that Defendant posed a flight risk and declined to set conditions of release.

Defendant argues that the previous detention order should be reconsidered in light of the coronavirus pandemic. Although he does not allege that he suffers from any underlying health conditions that makes him uniquely susceptible to the virus—by all accounts, he is a healthy 38-year-old man—he argues that the conditions at Otay Mesa Detention Center, which has suffered a recent outbreak of cases, counsel in favor or releasing him on bail.

As an initial matter, the Court agrees with the Magistrate's conclusion that Defendant poses a "serious flight risk" under section 3142. Defendant's prior record and the lengthy sentence he now faces if convicted both suggest as much. His presentence report indicates that he faces a guideline imprisonment range of 30 to 37 months in custody. Dkt. 26 at 16. Facing that kind of time, Defendant's incentives are obvious: abscond and avoid the sentence. As the government points out, the COVID-19 pandemic in fact makes it *easier* for defendants to abscond, as in-person visits by Pretrial Services Officers are likely to be curtailed or eliminated.

Defendant argues that a $30,000 personal appearance bond, posted by a family member, is sufficient to eliminate any flight risk. The Court is not convinced. If Defendant were facing a minimal prison term, or if he were seeking bail review prior to pleading guilty, perhaps this would be a different case. But, again, the significant sentence Defendant faces here suggests that a bond, even a significant one, is unlikely to ensure his appearance.

The coronavirus pandemic doesn't alter this calculus. Although the Court appreciates the risks coronavirus poses to inmates in detention centers, it is not at liberty to order pretrial release "just because of the current pandemic's generic risks, . . . [n]o matter

the heightened risks intrinsic to prison populations as a matter of public health." *United States v. Villegas*, 2020 WL 1649520, at *2 (C.D. Cal. 2020). Defendant is a "generic detainee, in that he claims neither to have contracted the virus nor to suffer from any underlying health issues placing him at greater risk than anyone else in Government custody. . . . If he's entitled to relief, who isn't?" *Lopez-Marroquin v. Barr*, Order, 18-72922 (9th Cir. April 9, 2020) (Callahan, J., dissenting).

In sum, the Court finds by a preponderance of the evidence that the section 3142(g) factors still counsel in favor of detention. Defendant's renewed motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 6, 2020

*Larry A. Burns*
**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge